RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0302P (6th Cir.)
File Name: 01a0302p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

*v.*

No. 00-3301

KENNETH J. SCHULTE,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 96-00305—Paul R. Matia, Chief District Judge.

Argued: August 3, 2001

Decided and Filed: September 4, 2001

Before: CLAY and GILMAN, Circuit Judges; WISEMAN,
Senior District Judge.[*]

_____

## COUNSEL

**ARGUED:** Spiros P. Cocoves, Toledo, Ohio, for Appellant.
Christian H. Stickan, ASSISTANT UNITED STATES
ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:**

---

[*] The Honorable Thomas A. Wiseman, Jr., Senior United States
District Judge for the Middle District of Tennessee, sitting by designation.

1

Spiros P. Cocoves, Toledo, Ohio, for Appellant. Christian H. Stickan, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

————————

**OPINION**

————————

WISEMAN, Senior District Judge.  Kenneth J. Schulte ("Appellant") appeals the sentence entered on March 2, 2000 against him for wire fraud, bank fraud, and securities fraud. Appellant argues that the district court should have departed another nine levels for family responsibilities, and failed to depart those additional levels because it did not understand that it possessed the authority to depart that far.  In addition, Appellant asserts that his sentence violates the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Appellant also argues that the district court erred by applying the Mandatory Victims Restitution Act of 1996 ("MVRA") rather than the Victim Witness Protection Act of 1982 ("VWPA")  in determining the amount of restitution owed.  Lastly, the Appellant argues that the district court erred in failing to order the preparation of an updated pre-sentencing report prior to re-sentencing.  The United States ("Appellee" or "Government") responds that the district court did not err, and requests that the Appellant's sentence be affirmed on all grounds.

**I.**

Appellant was an account representative and stock broker registered with the Securities and Exchange Commission ("SEC") and the National Association of Securities Dealers, Inc. ("NASD").  Appellant sold interest-only ("IO") or stripped mortgage-backed securities to various municipalities and school districts in Ohio through repeated and tenacious "cold-calling."  The charges in his indictment stemmed from his misrepresenting to the entities' representatives that the securities were backed by the government and did not place

As a result, the Appellant fails to cite sufficient evidence to vacate his sentence based on the PSR report. *See United States v. Stevens*, 851 F.2d 140, 144, n.7 (6th Cir. 1988)(holding that a sentence should not be vacated when no prejudice resulted from inaccurate information contained within the PSR because the court did not rely on that information when sentencing). Thus, the district court did not commit plain error in using the old PSR.

## VI.

Based on the foregoing, the holdings of the district court as to Appellant's first, second, and fourth assignments of error are **AFFIRMED**, but its restitution order is **VACATED**, and the case is **REMANDED** to determine the proper restitution under the VWPA.

the principal at risk. The securities sold by Appellant, however, were not backed by the government.

On September 11, 1996, Appellant was indicted in a thirty count indictment. At trial, Appellant was convicted by a jury on two counts of wire fraud, three counts of mail fraud, and one count of securities fraud and sentenced to confinement for fifty-one (51) months.[1] Appellant then appealed the judgment and sentence to this Court.

In an unpublished decision dated May 12, 1999, this Court affirmed the conviction and sentence of the district court. *United States v. Schulte*, 181 F.3d 105 (6th Cir. 1999). Upon petition for rehearing *en banc*, the same panel issued a decision remanding the matter for re-sentencing in light of the Court's opinion in *United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999)(en banc). *United States v. Schulte*, 202 F.3d 271 (6th Cir. 1999). In *Coleman*, an *en banc* Court held that a trial judge cannot categorically exclude any non-prohibited factors from consideration for a downward departure. *Coleman*, 188 F.3d at 354. In light of *Coleman* and the statement by the district court that it would like to depart downward but did not believe that there was a legal basis for departure, the Court remanded this case on October 12, 1999 for re-sentencing.

On February 22, 2000, after a hearing, the district court issued an amended judgment and commitment order that departed downward five levels from the applicable guideline range and imposed a sentence of 30 months imprisonment. Appellant filed his notice of appeal on March 2, 2000.

## II.

Appellant first contends that the district court's downward departure for extraordinary family circumstances was

---

[1] Twenty-four counts of bank fraud were dismissed at trial, because the district court ruled that the banks were not victims of Appellant's scheme to defraud.

insufficient for the reason that the district court misunderstood its ability to depart in light of *Coleman*.

A district court's decision to depart from the Sentencing Guidelines (the "Guidelines") is reviewable for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 96-100 (1996). Its decision not to depart, or as in this case, not to depart further, is insulated from appellate scrutiny unless the trial judge erred as a matter of law by failing to comprehend the lawful extent of his or her power to depart. *Coleman*, 188 F.3d at 357. Appellant's appeal therefore is limited to whether the district judge properly understood the standard to be applied and does not allow the Court to consider whether the district judge abused his discretion in not departing more than five levels.

In his brief, Appellant cites two statements by the district judge that he argues demonstrate that the district judge failed to comprehend the limits of his ability to depart downward. First, Appellant points to the following question asked by the court to the Appellant's attorney:

> Mr. Doyle, let me ask you this: In order to let him stay with his family, I would have to depart downward 14 levels; have you ever found a Court of Appeals case where they sustained a 14 level downward departure?

Second, the Appellant cites the district judge's later statement that:

> It may very well be true that others should have been prosecuted, I certainly am not in a position to make any judgment as to whether or not Mr. Schulte did or did not offer to assist in the prosecution of other persons in the federal system. But that is beside the fact as far as my reading of the guidelines is concerned. I do not believe that the fact that he is the only one prosecuted in the federal system should be taken into account in determining whether or not a departure should be granted.

circuits adopting the minority approach have reasoned that restitution orders under the Act are not punishment for the purpose of Ex Post Facto Clause analysis.

The Sixth Circuit, however, has determined that restitution imposed under the VWPA is punishment for the purpose of the Ex Post Facto Clause. *United States v. Streebing*, 987 F.2d 368, 376 (6th Cir. 1993). We see no reason why we should not find that this is also true under the MVRA. Therefore, there is no basis for following the minority approach. Thus, we hold that where an act was committed prior to the effective date of the MVRA, the retroactive application of the MVRA to that act violates the Ex Post Facto Clause.

While Appellant's conviction occurred on May 6, 1997, which is after the MVRA's effective date of April 24, 1996, his criminal activity occurred prior to the Act's effective date. Because the MVRA had the potential to increase the amount of restitution he was required to pay, the district court's application of the MVRA to Appellant was retroactive. As a result, the district court committed plain error in applying the MVRA to the determination of Appellant's restitution. The restitution order is therefore **VACATED** and the issue is **REMANDED** to the district court for consideration of the appropriate factors under the VWPA.

## V.

Appellant's final argument on appeal is that the district court erred by failing to obtain an updated pre-sentence report ("PSR") prior to the re-sentencing. Because the Appellant failed to raise this objection at the sentencing hearing, the standard of review is plain error. *See*, *e.g.*, *Hall*. Despite Appellant's claim of error, Appellant has not demonstrated how he was prejudiced in any way by the use of the old PSR at the re-sentencing. The Appellant has not offered any material evidence that would show that an updated report would have any effect at all on the district court's re-sentencing.

full restitution, which must be imposed "without consideration of the economic circumstances of the defendant." 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A).

The remaining question is whether the MVRA or the VWPA applies to the crimes committed by the Appellant. The statutory notes under 18 U.S.C. § 2248 provide that the MVRA, including § 3663A, are to be effective to the extent constitutionally possible for sentencings in cases in which the defendant is convicted on or after April 24, 1996.

There is, however, a constitutional limitation on the application of the MVRA under the Ex Post Facto clause.[3] To fall within the Ex Post Facto prohibition, a law must be retroactive, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender by altering the definition of criminal conduct or increasing the punishment for the crime. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). In addition, a majority of federal courts that have considered this issue have held that retroactive application of the MVRA violates the Ex Post Facto Clause. *Compare United States v. Richards*, 204 F.3d 177, 213-14 (5th Cir. 2000)(holding that application of the MVRA to an individual's conduct that occurred prior to its passage would violate the Ex Post Facto clause); *United States v. Siegel*, 153 F.3d 1256, 1260 (11th Cir. 1998)(same); *United States v. Edwards*, 162 F.3d 87, 89-90 (3d Cir. 1998)(same); *United States v. Baggett*, 125 F.3d 1319, 1321-1322 (9th Cir. 1997)(same); *United States v. Thompson*, 113 F.3d 13, 15, n.1 (2d Cir. 1997)(same); *United States v. Rezaq*, 134 F.3d 1121, 1141, n.13 (D.C. Cir. 1998)(same); *United States v. Williams*, 128 F.3d 1239, 1241 (8th Cir. 1997)(same); *with United States v. Nichols*, 169 F.3d 1255, 1278-80 (10th Cir. 1999)(holding that retroactive application of the MVRA did not violate the Ex Post Facto Clause); *United States v. Newman*, 144 F.3d 531, 537 (7th Cir. 1998)(same). The

[3]The United States Constitution provides that "[n]o state shall . . . pass any . . . ex post facto law." U.S. Const. art. I, §§ 10, cl. 1.

Appellant reads these statements as indicating that the district court did not comprehend that it had the ability to depart downward any further than five levels for extraordinary family circumstances. The evidence, however, suggests otherwise. Both of the above statements clearly demonstrate the district judge's cognizance of the high standard of proof needed to justify such a drastic departure from the Guidelines. At re-sentencing, the district judge made a thorough inquiry, addressing each of the areas raised by Schulte as reasons for downward departure: family ties and responsibilities, extraordinary family responsibility, victimless conduct, the choice to prosecute only Schulte, and cooperation with state authorities. Weighing the factors and emphasizing the high burden on Schulte to demonstrate how his situation differed enough to depart from the "heartland" of the Guidelines, the district judge chose to depart downward five levels for extraordinary family responsibilities. Because there is no evidence that the district judge failed to comprehend the Guidelines, there is no merit to Appellant's claim of error for failure to depart an additional nine levels.

### III.

Appellant next argues that the sentencing enhancements increasing his sentence were improperly applied in light of *Apprendi*. In *Apprendi*, the Supreme Court held that sentencing enhancements which increase the statutory maximum (except prior convictions) must be pled and proven to a jury beyond a reasonable doubt. Here, Appellant concedes that the sentence of the district court did not exceed the statutory maximum for the crimes charged. Appellant, however, makes the novel argument that *Apprendi* also should apply to Guideline enhancements even where the statutory maximum is not exceeded, and that these enhancements are questions that should be decided by a jury, not a trial judge. The holding in *Apprendi*, however, does not remove this discretion from a district judge, and therefore, Appellant's argument is without merit.

### IV.

Appellant next asserts that the district court erred in failing to hold a hearing to determine the amount of restitution to be paid to the victims of the Appellant's offense. Appellant specifically argues that the district court operated under the incorrect understanding that restitution was mandatory. Appellant's claim is based on the premise that the district court erred because it examined the question of restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA") rather than the Victim Witness Protection Act of 1982 ("VWPA").

Appellant, however, did not raise any question as to the restitution assigned at the original sentencing, and did not raise it on appeal. At the re-sentencing, the district court gave the Appellant an additional opportunity to submit information to support his argument that restitution should be some lesser amount. The Appellant did not submit any such information.

As a result of the failure to object by the Appellant, the standard of review for his challenge to the restitution order is plain error. *United States v. Hall*, 71 F.3d 569, 573 (6th Cir.1995) ("The Sixth Circuit has held that where no objection is made to the order of restitution at sentencing, the appellate court reviews for plain error."); *see also United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996) (failure to notify the district court of any concern regarding downward departure constituted forfeiture of the issue but permitted plain error review); *United States v. Thomas*, 24 F.3d 829, 832 (6th Cir.1994) (plain error review when defendant failed to object at sentencing hearing to upward departure).

To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, i.e., obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997); *United States v. Thomas*, 11 F.3d 620, 629-30

(6th Cir.1993) (discussing at length the plain error doctrine set forth in *United States v. Olano*, 507 U.S. 725 (1993)).

Here, the Appellant cites as error the district court's determination that restitution was mandatory and that the MVRA applied instead of the VWPA. The Appellant notes that at the original sentencing hearing, the district court made the following comment:

> Secondly, with respect to the restitution in this case, if it were within my power to deny restitution, or provide only half restitution, I would do so because, frankly, I was appalled at the testimony I heard from the alleged victims in this case.

JA at 64. In addition, the Appellant cites the VWPA, which provides that a district court must consider the following provisions in determining the amount of restitution to award:

> (1) the amount of loss sustained by the victim;
> (2) the financial resources of the defendant;
> (3) the financial needs and earning ability of the defendant and dependents, and
> (4) other appropriate factors

18 U.S.C. §3553(d).

In April 1996, Congress passed the Antiterrorism and Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA included the MVRA, which amended the VWPA. The MVRA added Section 3663A, which requires mandatory restitution[2] to victims of certain crimes, including offenses against property under Title 18 and including any offense committed by fraud or deceit. For the covered offenses under § 3663A, a district court "shall order"

---

[2] In the legislative history of the MVRA, the Senate Committee stated bluntly: "It is the committee's intent that courts order full restitution to all identifiable victims of covered offenses." Sen. Rep. No. 179, 104th Cong., 2d Sess., reprinted in 1996 U.S.C.C.A.N. 924, 931.