**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael E. ALLEN, Defendant–
Appellant.**

No. 01–5913.

United States Court of Appeals,
Sixth Circuit.

Nov. 19, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.[*]

PER CURIAM.

Defendant–Appellant, Michael E. Allen ("Allen"), appeals the district court order requiring him to pay restitution of $9,546 to the People's Bank of Kentucky. Allen alleges that the district court erred when it ordered restitution under 18 U.S.C. § 3663A ("Mandatory Victim Restitution Act") rather than 18 U.S.C. § 3663 ("Victim and Witness Protection Act"). Allen also alleges that the district court erred because it failed to take his financial condition into account when it ordered restitution. Allen requests that the restitution order be vacated and remanded to the district court for reconsideration under 18 U.S.C. § 3663.

We find that the district court properly ordered restitution under § 3663A because Allen's offense fell within the category of offenses enumerated under § 3663A. As a result, the district court was not required to consider Allen's financial condition when it ordered restitution. Accordingly, we **AFFIRM** the district court's order requiring Allen to pay restitution.

[*] The Honorable David A. Katz, United States District Court for the Northern District of

## I. Factual and Procedural History

On August 4, 2000, three individuals, known to the defendant, robbed the People's Bank and Trust Company in Monterey, Kentucky. Allen learned of the robbery after it occurred, and received payment from the individuals who participated in the robbery. Allen failed to notify the authorities that he had knowledge concerning this crime. The record also indicates that Allen's car was used during the robbery.

On November 2, 2000, a Federal Grand Jury in the Eastern District of Kentucky returned a one count indictment which charged that Allen and three other co-defendants:

" . . . by force, violence, and intimidation, did take and attempt to take, from the person and presence of another, money that was then in the care, custody, control, management, and possession of People's Bank and Trust Company in Monterey, Kentucky, an institution that deposits of which were then insured by the Federal Deposit Insurance Company . . . "

On January 22, 2001, pursuant to a plea agreement, Allen signed a waiver of indictment and entered a plea of guilty to one count information. The plea agreement lists the elements of Allen's offense as: "(1) the defendant had knowledge of the actual commission of a felony, that is a robbery, (2) the defendant concealed his knowledge and accepted a payment from those involved in the robbery, (3) the defendant did not make known the commission of the robbery to a person in civil or military authority of the United States." The three co-defendants pled guilty to the robbery charge.

Ohio, sitting by designation.

After accepting Allen's plea, the district court sentenced Allen to a prison term of one year and a day. In its order, the district court adopted the recommendation of the presentence report which stated that "Pursuant to 18 U.S.C. § 3663(a), restitution shall be ordered in this case." Accordingly, the district court ordered Allen to pay $9,546 to the People's Bank of Monterey, Kentucky, payment due in full immediately. Allen was held jointly and severally liable for this amount.

## II. Discussion

### a. *Standard of Review*

This court reviews restitution orders for abuse of discretion. *See U.S. v. Sanders,* 95 F.3d 449 (6th Cir.1996). However, where the defendant does not object to restitution at sentencing, this court reviews the district court order for plain error. *See United States v. Schulte* 264 F.3d 656, 660 (6th Cir.2001). Here, Allen did not object to restitution at the time of sentencing. Accordingly, we review the district court's order for plain error.

To establish plain error, the defendant must demonstrate that "(1) an error occurred in the district court; (2) the error was plain i.e., obvious or clear; (3) the error affected the defendant's substantial rights; and (4) the adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Schulte* at 660.

### b. *The district court properly ordered restitution under 18 U.S.C. § 3663A.*

■ Allen requests that this court vacate the district court's restitution order on the grounds that his offense does not fall within the category of offenses enumerated under 18 U.S.C. § 3663A. That section makes restitution mandatory for certain categories of offenses. 18 U.S.C. § 3663A provides that:

(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense—

(A) that is—

(i) a crime of violence, as defined in section 16;

(ii) an offense against property under this title, or under section 416 of the Controlled Substances Act (21 U.S.C. 856(a)) including any offense committed by fraud or deceit; or

(iii) an offense described in section 1365 (relating to tampering with consumer products); and in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

(2) In the case of a plea agreement that does not result in a conviction for an offense described in paragraph (1), this section shall apply only if the plea specifically states that an offense listed under such paragraph gave rise to the plea agreement.

We limit our analysis to whether Allen's offense was related to a crime of violence, and whether the plea agreement specifically mentions that it arose from a crime of violence. 18 U.S.C. § 16 defines a crime of violence as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Allen has failed to establish that the district court committed a clear and obvious error when it ordered restitution under § 3663A. First, Allen's information plea relates to a bank robbery a crime which clearly satisfies the definition of a

crime of violence. Moreover, the plea agreement specifically notes that it was obtained in exchange for the robbery charge. Concerning this, the plea agreement reads, "The United States hereby agrees that following the Court's acceptance of the plea of guilty as set forth above, the United States will move to dismiss the defendant from Frankfort Criminal No. 00–22." Frankfort Criminal No. 00–22 refers to the robbery charge pending before the district court when Allen's plea was entered.

As a result, the district court properly ordered restitution under § 3663A on two grounds: 1) that the plea related to a crime of violence; and 2) that the plea agreement specifically mentioned that it was obtained as a result of a crime of violence. Consequently, we affirm the district court's restitution order.

c. *Whether the district court considered Allen's financial condition?*

■■■ Having concluded that the district court did not err when it ordered restitution under § 3663A, we now examine whether the district court was required to consider the defendant's financial circumstances in ordering restitution. Section 3663A makes restitution *mandatory* for certain offenses. As a result, the district court was not required to consider the defendant's financial condition when it ordered restitution under § 3663A. (However, if the court had ordered restitution under § 3663, then the court would have been required to consider the defendant's financial circumstances before it ordered restitution.) Moreover, we find that the

district court satisfied the requirements of 18 U.S.C. § 3664. Section 3664 requires the district court to consider "the financial resources of the defendant and other assets of the defendant, including whether any of these assets are jointly controlled."

This circuit does not require that the district court "make explicit findings about the statutory factors" in order to demonstrate that it considered the defendant's financial condition. *United States v. Sanders,* 95 F.3d 449 (6th Cir.1996); *see also United States v. Hall,* 71 F.3d 569, 574 (6th Cir.1995) (holding that the district court was deemed to have considered the defendant's financial condition because this information was present in the presentence report and other documents presented before the court).

In this case, as in *Hall* and *Sanders,* the defendant's financial condition was fully outlined in the presentence report. Allen has not presented any evidence suggesting that the district court failed to consider this information. As a result, we conclude that the district court did not commit a plain error when it determined the manner and schedule of repayment.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.