UNITED STATES of America, Plaintiff–Appellee,

v.

Nellie Sue WILKINS, Defendant–Appellant.

No. 01–6148.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2003.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.[*]

BERTELSMAN, District Judge.

On March 20, 2001, a federal grand jury for the Western District of Tennessee returned an indictment charging Defendant Nellie Sue Wilkins with one count of conspiracy to defraud, in violation of Title 18 U.S.C. § 371, and fifty-four counts of aiding and abetting the commission of bank fraud in violation of Title 18 U.S.C. §§ 1344 and 2. Although Defendant pled guilty to only one count in a plea agree-

[*] The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

ment, the district court ordered her to pay the full amount of restitution at the sentencing hearing. Defendant appeals this order. For the reasons set forth, this Court AFFIRMS the district court.

Defendant was charged in a scheme wherein her daughter Patti White, a bank employee, embezzled money from her employer and deposited it into several accounts, including Defendant's. Although Defendant maintains that she never used the money for her personal use, she wrote checks to her daughter out of the account knowing that her daughter had embezzled the money.

On May 17, 2001, Defendant entered a plea of guilty to the charge of bank fraud in count two of the indictment. The amount of loss attributable to Defendant for this count was $1.400. However, the plea agreement included the following term: "Both parties agree that the resolution of the sentencing issue regarding restitution will be determined by the District Court." In the presentence report the total amount of loss attributable to Defendant for all counts was $94,641.38. Defendant did not object to this finding.

At the sentencing hearing, the court asked Defendant if she had read the presentence report and if she had an opportunity to discuss it with her attorney. Defendant answered affirmatively to both of these questions. At the conclusion of the hearing, the court ordered the full amount of the loss attributable to Defendant be paid. Defendant did not raise any objections to the court's order at that time.

Because Defendant did not object to the district court's ruling of restitution at the sentencing hearing, this Court must review such imposition for plain error. *United States v. Butler*, 297 F.3d 505, 518 (6th Cir.2002) (citing *United States v. Hall*, 71 F.3d 569, 573 (6th Cir.1995)).

The district court imposed the restitution order pursuant to the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A, which requires courts to order full restitution to victims of certain crimes, including offenses against property under Title 18 and including any offense committed by fraud or deceit, without consideration of the economic circumstances of the defendant. *United States v. Schulte*, 264 F.3d 656, 661 (6th Cir.2001). This Court has previously held that all losses resulting from a fraud scheme may be included in the restitution order. *See United States v. Davis*, 170 F.3d 617, 627 (6th Cir.1999) (citing *United States v. Woodruff*, 142 F.3d 438 (Table), 1998 WL 96559 (6th Cir. Feb. 27, 1998)); *see also United States v. Jewett*, 978 F.2d 248, 252 (6th Cir.1992).

Moreover, Defendant fully agreed to allow the district court to determine in its discretion the amount of restitution to be paid. Defendant did not object to this term of the plea agreement. Accordingly, this Court concludes that the district court did not err in including the total amount of the loss attributable to Defendant in its restitution order.

Therefore, the ruling of restitution made by the district court is AFFIRMED.