**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Markus HUFF, Defendant–Appellant.**

**No. 02–2310.**

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Barbara L. McQuade, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Melvin Houston, Detroit, MI, for Defendant–Appellant.

Before COLE and CLAY, Circuit Judges; and COLLIER, District Judge.*

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Markus Huff was indicted for his role in a scheme to commit bank fraud. Huff proceeded to trial and a jury found him guilty of bank embezzlement, aiding and abetting, in violation of 18 U.S.C. §§ 656 and 2. The district court sentenced Huff to a twenty-four month term of imprisonment and a three year period of supervised release. This appeal followed.

Huff was accused of assisting two others in a scheme to manufacture bogus automatic teller machine (ATM) cards and to withdraw funds without authorization from bank accounts at Comerica Bank, Detroit, Michigan. The two other named individuals were Pamela Shaw and Joseph McNoriell. Shaw, a former employee of Comerica Bank, was accused of targeting the accounts to be used in the scheme and then manufacturing the bogus ATM cards for those accounts. McNoriell and Huff were said to have assisted Shaw in going to various ATM and retail locations and using the bogus cards to fraudulently obtain cash and goods in the amount of $62,723.95.

Huff and McNoriell proceeded to a joint trial before a jury at which Shaw appeared for the prosecution pursuant to a commitment made in a plea agreement. Shaw testified that she encoded a $1,000 per day limit on blank ATM cards while working at Comerica Bank and that she would use the

cards to purchase goods and services. Shaw testified that Huff's only involvement with the scheme was limited to one occasion when Huff drove Shaw to a store where they jointly and knowingly used one of the fake ATM cards to purchase approximately four or five hundred dollars worth of liquor. A second prosecution witness, FBI Special Agent Theresa Mack, testified that Huff admitted to having played a larger role in the scheme. Agent Mack testified that she interviewed Huff and he stated that he knew Shaw was encoding ATM cards at Comerica Bank and using them to defraud the Bank. Huff was said to have admitted to "using the cards on six or seven occasions" at Shaw's direction, withdrawing $1,000 on each trip, and being paid $100 each time for his services. Counsel for Huff did not present a defense and his motion for a judgment of acquittal was denied by the district court. The jury was instructed not to discuss the case and was sent home for the weekend.

McNoriell's counsel did not appear when court next convened the following Monday. Huff's counsel immediately asked if the case could be severed and go to the jury and the court took the motion under advisement before excusing the jurors. The jurors were once again instructed not to discuss the case and sent home. The next day the court granted Huff's request to sever his trial and to go forward as McNoriell's counsel again failed to appear. The court charged the jury and they found Huff guilty as indicted.

The parties met for sentencing following completion of the pre-sentence report. Counsel did not register any objections to the findings in the report and the court heard from counsel and Huff prior to imposing sentencing. The court meted out a twenty-four month sentence of incarceration, a three year period of supervised release, and a $62,723.95 restitution order that was made joint and several with Shaw. Huff took a direct appeal from this judgment.

■ On appeal, counsel for Huff raises three issues. Counsel first argues that the district court should have *sua sponte* declared a mistrial when McNoriell's attorney failed to appear for trial as scheduled. Generally, this court reviews a district court's decision to deny a motion for mistrial for abuse of discretion. *United States v. Ursery*, 109 F.3d 1129, 1133 (6th Cir.1997). If Huff's counsel had merely remained silent on this point, this court would have reviewed the matter for plain error. *See, e.g., United States v. Cunningham*, 804 F.2d 58, 63–64 (6th Cir.1986). In the case at bar, however, Huff's counsel specifically requested that the district court sever his case from that of the co-defendant and proceed to the jury. This deliberate invitation to the district court not to declare a mistrial as to Huff and go forward was a waiver of any right to appeal the decision to go forward. *United States v. Aparco–Centeno*, 280 F.3d 1084, 1088 (6th Cir.2002) (express agreement with sentencing factor waived right to appeal that decision). This claim lacks merit.

■ Counsel's second appellate issue is that the district court erred in imposing the large restitution amount without considering Huff's ability to pay the award. This court reviews the propriety of ordering restitution *de novo* and the amount of restitution ordered for an abuse of discretion. *United States v. Bearden*, 274 F.3d 1031, 1040 (6th Cir.2001). Huff was convicted of bank embezzlement, aiding and abetting, under 18 U.S.C. §§ 656 and 2. In April 1996, the Mandatory Victims Restitution Act added Section 3663 A to Title 18, requiring mandatory restitution to victims of certain crimes, including offenses against property under Title 18 and including any offense committed by fraud or deceit. For these specified offenses under

18 U.S.C. § 3663A, a district court "shall order" full restitution, which must be imposed "without consideration of the economic circumstances of the defendant." 18 U.S.C. §§ 3663A(a)(1) and 3664(f)(1)(A); *United States v. Schulte,* 264 F.3d 656, 661 (6th Cir.2001). Thus, Huff was not entitled to have his financial situation considered in this context. The Sixth Circuit has previously held that all losses resulting from a fraud scheme may be included in the restitution order. *See, e.g., United States v. Davis,* 170 F.3d 617, 627 (6th Cir.1999) (citing *United States v. Woodruff,* 142 F.3d 438 (Table), 1998 WL 96559 (6th Cir. Feb.27, 1998)). This claim lacks merit.

Counsel's final appellate issue is that the judgment is not supported by the sufficiency of the evidence. This court will affirm the judgment against a challenge to the sufficiency of the evidence where, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime established beyond a reasonable doubt. *United States v. M/G Transp. Servs., Inc.,* 173 F.3d 584, 589 (6th Cir. 1999) (citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). A review of the evidence taken in the light favoring conviction shows that Huff knowingly and voluntarily assisted Shaw in her scheme to defraud Comerica Bank out of thousands of dollars. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed.