**File Name: 05a0221n.06**
**Filed: March 29, 2005NOT RECOMMENDED FO**
**R FULL-TEXT PUBLICATION**

**No. 03-2548**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| -vs- | ) STATES DISTRICT COURT FOR THE |
| | ) WESTERN DISTRICT OF MICHIGAN |
| CARL ROBERT KOPIETZ III, | ) |
| | ) |
| Defendant-Appellant. | ) |

Before: NELSON and SUTTON, Circuit Judges; WELLS, District Judge[*]


WELLS, District Judge.  Appellant Carl Robert Kopietz III contends that the district court misapplied the federal sentencing guidelines in imposing his sentence.  Mr. Kopietz was sentenced prior to the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005).  Although the district court committed no clear errors in calculating Mr. Kopietz's guideline range, under the impact of *Booker* and *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), it plainly erred by treating the guidelines as mandatory.  Accordingly, we vacate Mr. Kopietz's sentence and remand his case for resentencing.

---

[*] The Honorable Lesley Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

On June 26, 2003, Mr. Kopietz and a co-defendant were indicted on a single count of conspiring to defraud the Internal Revenue Service ("IRS") by obtaining and aiding to obtain the payment of false and fictitious claims against the United States, in violation of 18 U.S.C. §§ 286 and 287. On September 3, 2003, defendant entered a plea of guilty to the indictment. Mr. Kopietz admitted that he had conspired with John Edward Barnes to file false income tax returns. Because his co-conspirator was incarcerated, Mr. Kopietz did all the ground work including ordering the tax forms from the government, obtaining W-2 employer identification numbers, and collecting addresses where the tax returns could be sent. He sent all that information to Mr. Barnes who provided the names for the fraudulent taxpayers and prepared the fraudulent tax returns. Although no funds were received from the IRS, Mr. Kopietz admitted that had they been, he would have been in charge of collecting the tax refund checks and cashing them.

The district court's offense level calculations were adopted from the pre-sentence report (PSR):[1]

| | |
|---|---:|
| **Base Offense Level:** [Section 2B1.1(a)] | <u>6</u> |
| **Specific Offense Characteristic:** [Section 2B1.1(b)(1)(D)-- Amount of Loss] | <u>+6</u> |
| **Specific Offense Characteristic:** [Section 2B1.1(b)(8)(C)-- Sophisticated Means] | <u>+2</u> |
| **Adjusted Offense Level (Subtotal):** | <u>14</u> |

---

[1] The 2003 version of the guidelines was used in calculating Mr. Kopietz's offense level, as so all references to the guidelines refer to that version.

**Adjustment for Acceptance of Responsibility:** [Section 3E1.1(a)]      <u>-2</u>

**Total Offense Level**:                                                   <u>12</u>

At sentencing, Mr. Kopietz objected to these calculations, arguing that: 1) the offense conduct did not involve sophisticated means and thus the two-level enhancement was improper; and, 2) he played a minor role in the offense and therefore should have received a two-level reduction, pursuant to Section 3B1.2(b).  Accordingly, Mr. Kopietz asserted his total offense level should be 8.

The district court disagreed on both points, overruling Mr. Kopietz's objections and concluding that the appropriate guideline range was 27-33 months, based on a total offense level of 12 and a criminal history of V.  Mr. Kopietz was sentenced to a 27 month term of imprisonment, imposed consecutive to two state sentences.


II.

On appeal, Mr. Kopietz contends the district court erred in resolving his objections to the guideline calculations.  He argues the district court clearly erred in finding that the crime involved "sophisticated means" and that he was more than a minor participant in the offense.

A sentencing court's determination that a downward adjustment for a defendant's role in the offense is not warranted is reviewed for clear error.  *United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997).  U.S.S.G. § 3B1.2 provides a downward adjustment of two levels if the defendant was a minor participant in the offense.  Such an adjustment is "not appropriate in the absence of a finding that the defendant was 'substantially less culpable than the average participant' in the criminal enterprise." *Id.*

Moreover, a defendant whose participation "is indispensable to the carrying out of the plan is not entitled to a role reduction." *Id.* Under the Sentencing Guidelines, Mr. Kopietz must prove the mitigating factors that justify a reduction by a preponderance of the evidence. *Id.* This he has failed to do.

Although Mr. Kopietz did not prepare the fraudulent tax returns, he did everything else. Because his co-conspirator was incarcerated, Mr. Kopietz obtained the necessary information for the fraudulent returns and he would have been critical to the completion of the crime in picking up the tax refunds and cashing them. Such roles in the offense are not minor. Mr. Kopietz's conduct was indispensable to carry out the criminal enterprise. Under these circumstances, the district court did not clearly err in finding a reduction for Mr. Kopietz's role in the offense unjustified.

In Mr. Kopietz's other argument on appeal, he asserts that the district court clearly erred in finding that he and his co-defendant utilized "sophisticated means" in carrying out the criminal conspiracy. Section 2B1.1(B)(8)(C) provides for a 2-level enhancement if the "offense otherwise involved sophisticated means." In this context, sophisticated means refers to "especially complex or intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, application note 7. The district court's finding the Section 2B1.1(B)(8)(C) enhancement applied is a factual finding subject to clear error review. *United States v. Ables*, 167 F.3d 1021, 1035 (6th Cir. 1999); *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003). A factual finding is clearly erroneous where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ables*, 167 F.3d at 1035.

4

Mr. Kopietz and his co-defendant discussed filing false income tax returns while they were incarcerated together. Once Mr. Kopietz was released from prison he ordered tax forms, obtained employer identification numbers from his wife and uncle's W-2s, and identified addresses where the false tax refunds could be sent and where Mr. Kopietz could pick up the checks and cash them. Then he mailed this information to Mr. Barnes in prison who then filed at least 15 fictitious and fraudulent tax returns. While the information used was not itself unduly complex or difficult to obtain, the repetitive nature of the necessary conduct along with defendants' creation of numerous fictitious identities precludes our finding "with definite and firm conviction" that the trial court erred in applying the enhancement.

After Mr. Kopietz was sentenced and while his case was on appeal, the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), which significantly altered the landscape of federal sentencing. The Court concluded that the Sixth Amendment, as construed in *Blakely v. Washington,* 124 S. Ct. 2531 (2004), applied with equal force to the federal sentencing guidelines such that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 755-56. To avoid Sixth Amendment concerns by what had been considered the mandatory nature of the sentencing guidelines, the Supreme Court severed two provisions of the Sentencing Reform Act of 1984, thereby rendering the guidelines advisory. *Id.* at 756-57 and 764-65; see also *United States v. Oliver*, 397 F.3d 369, 379-80 (6th Cir. 2005). Post-*Booker*, a sentencing court must consider guideline

5

ranges, but may "tailor the sentence" in light of other sentencing factors set forth in 18 U.S.C. § 3553(a).  *Booker*, 125 S. Ct. at 756-57.  *Booker*'s holdings apply to all cases now on direct review.  *Id.* at 769.

Since Mr. Kopietz's ultimate sentence of 27 months fell within the guideline range of 21-27 months authorized by facts admitted by him in pleading guilty, the district court's factual findings and its increase of his guideline range by two levels did not violate the Sixth Amendment.[2]  Nonetheless, it is clear that the district court sentenced Mr. Kopietz on the assumption that the guidelines were mandatory.[3]  In taking his plea, the Judge made clear that the Court was bound by the guidelines and that its discretion was limited:

> [A] new statute passed April 30th . . . appears to say that judges have very little, if any, discretion in departing downward or maybe even upward from the guideline range.  So if that is still the law when you're sentenced, and who knows whether it will be or not, it's under attack . . . I wouldn't have any discretion at all.  I could just send a machine out here and tell you what your sentence is because I don't have anything to do with it.  In fact, I'm thinking about making a recording and filling in the blank line so I don't waste your time or mine. . . .
>
> * * *
>
> Congress is sentencing you and the U.S. Attorney is sentencing you, I'm not, I don't have that power anymore. . . .
>
> * * *
>
> Okay.  I do have the power to chose [within a guideline range], I didn't mean to say I didn't have any power, I have some . . .

(JA at 26).

---

[2]  This lower guideline range is based on a total offense level of 10, which is calculated by excluding the two-level "sophisticated means" enhancement.

[3]  Mr. Kopietz does not challenge the district court's finding regarding the amount of loss, presumably because it was set forth in the indictment to which he pled.

Because Mr. Kopietz did not raise this issue below, the district court's treatment of the guidelines as mandatory is subject to review for plain error. *Booker*, 125 S. Ct. at 769 (explaining that reviewing courts should "apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test"). Under that standard of review, we may correct an error only if it is plain under current law, if it affects the defendant's substantial rights, and if it seriously affects the fairness, integrity, or public reputation of the proceedings. *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001); *Oliver*, 397 F.3d at 378.

In light of *Booker*, application of the sentencing guidelines as mandatory was a plain error. *Barnett*, 398 F.3d at 525-26; see also *Johnson v. United States*, 520 U.S. 461, 468 (holding that current law for the purpose of plain error review is the law as it exists at the time of appellate consideration). The Sixth Circuit has taken the position in *Barnett* that treating the guidelines as mandatory affects defendant's substantial rights because such an error is presumptively prejudicial. 398 F.3d at 526-29. Even though 27 months falls within the lower guideline range and one cannot know whether the district court's treatment of the guidelines as mandatory resulted in a more severe sentence than if the guidelines had been treated as advisory, that is not determinative.

> Instead of speculating as to the district court's intentions in the pre-*Booker* world, and trying to apply those intentions to predict the same court's sentence under the post-*Booker* scheme, we are convinced that the most prudent course of action in this case is to presume prejudice given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework and the onerous burden [the defendant] would face in attempting to establish that the sentencing court would have imposed such a sentence.

7

*Barnett*, 398 F.3d at 529; see also *United States v. Hines*, 398 F.3d 713, 722 (6th Cir. 2005) (quoting *United States v. Hughes*, 396 F.3d 374, 381 n.1 (4th Cir. 2005)) (noting that "an appellate court's presumption that re-sentencing would result in the same, or a substantially similar sentence, 'would be tantamount to performing the sentencing function ourselves.'") Although this presumption of prejudice may be rebutted under certain circumstances, *Barnett*, 398 F.3d at 529, there is no basis in the record in this case for rebutting such a presumption.

The district court's erroneous assumption regarding the guidelines and the possibility that Mr. Kopietz might have received a lower sentence absent that assumption implicate questions about the fairness and integrity of Mr. Kopietz's sentencing. *Barnett*, 398 F.3d at 529-30. Accordingly, we conclude that the district court plainly erred in treating the guidelines as mandatory when sentencing Mr. Kopietz.

III.

Although the district court did not clearly err in its calculation of Mr. Kopietz's guideline range, it plainly erred in treating the guidelines as mandatory. Accordingly, his sentence is vacated and this case is remanded to the District Court for resentencing.

8