**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0242n.06
Filed: March 31, 2009

**No. 07-6056**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| HERBERT HAMER, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and COOK, Circuit Judges; and WATSON, District Judge.[*]

MICHAEL H. WATSON, District Judge. Defendant-Appellant Herbert Hamer was indicted on one count of 18 U.S.C. § 922(g), which precludes any person convicted of "a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. At trial, the district court permitted the Government to introduce evidence of Defendant's prior bank robbery conviction. After a jury convicted Defendant as a felon in possession of a firearm, the district court used its fact finding about the prior conviction to increase Hamer's sentence to the 180-month minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). For the reasons which follow, we affirm.

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

No. 07-6056
*United States v. Hamer*

I.

Before this case went to trial in the Western District of Tennessee, Defendant filed motions *in limine* seeking to exclude expert testimony and prior-conviction evidence, and a request for jury instructions. At issue here is Defendant's Proposed Jury Instruction No. 3 ("Instruction 3"):

> You have heard evidence that the [D]efendant allegedly made the oral statement that he was 'convicted of bank robbery years ago.' You are instructed, however, that you cannot convict on the basis of this statement alone. That is to say, the [G]overnment must introduce independent evidence in order to establish the trustworthiness and reliability of the [D]efendant's statements in order to find him guilty of the offense charged in the indictment. If you find that the [G]overnment has failed to introduce such evidence, you must find the [D]efendant not guilty.

In response, the Government stated that it would introduce two of Defendant's recent felony convictions only for impeachment purposes, but that the Government would introduce "evidence of the Defendant's prior bank robbery conviction for which he was convicted in 1970" as "independent corroboration of his statement to the police."

Government witness and Memphis police officer Kittrel Robinson testified that while detaining and questioning the Defendant for his firearm-possession incident on October 12, 2004, Defendant mentioned a prior bank robbery conviction and that he owned the firearm Officer Robinson recovered. Officer Robinson recorded these statements and after reviewing the information, Defendant signed a Rights Waiver Form. The Government introduced the Rights Waiver Form at trial and Officer Robinson read the recorded statement aloud without objection by defense counsel.

Later, when the issue of corroborating Defendant's statement arose, defense counsel withdrew Instruction 3 and the court summarized: "So the instruction on this corroboration issue is withdrawn by the defense and the [G]overnment will not seek to introduce evidence to prove the prior robbery."

On May 7, 2007, the jury returned a guilty verdict on the one-count indictment. The presentence report ("PSR") classified Defendant as an Armed Career Criminal ("ACC"), specifying five qualifying convictions. Neither side raised objections. At sentencing, the district court noted that with a criminal history category of IV and an adjusted offense level of 33, Defendant's advisory Guidelines range was 235-to-293 months. After considering the § 3553(a) sentencing factors, the court imposed an 180-month sentence, the statutory minimum for an ACC. Defendant timely appealed.

## II.

### A.

Defendant raises three issues for our review. First, Defendant contends that the district court committed plain error in permitting the Government to introduce evidence of Defendant's prior bank robbery conviction under Federal Rules of Evidence 403 and 404(b). We disagree.

Generally, we review *de novo* the district court's legal determination concerning the admissibility of other acts evidence for a permissible purpose and we review for abuse of discretion

its determination that the probative value of evidence is not substantially outweighed by the risk of unfair prejudice. *United States v. Myers*, 123 F.3d 350, 362–63 (6th Cir. 1997). But where, as here, the defendant failed to specifically and contemporaneously object to such evidence, we review for plain error. *See United States v. Kelly*, 204 F.3d 652, 655 (6th Cir. 2000). To demonstrate plain error, a defendant must show: (1) a district court error that was (2) plain, (3) affected the defendant's substantial rights, and (4) seriously affected the fairness, integrity or public reputation of the judicial proceedings. *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir. 2001).

Defendant observes that Instruction 3 contained an improper statement of the law and defense counsel withdrew the instruction during trial. Further, Defendant maintains that because he stipulated to being convicted of a crime for which the punishment exceeded one year, the Government unnecessarily introduced evidence of the prior bank robbery. As a result, Defendant argues that admitting the bank robbery evidence compromised his right to a fair trial.

Rule 404(b) prohibits the use of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). On the other hand, evidence of "prior bad acts" is admissible, subject to Rule 403, if it is relevant to any material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

In the typical case, where the defendant stipulates to his status as a felon for purposes of § 922(g)(1), the government may not refer to the specific name or nature of the defendant's prior convictions in its case-in-chief. *See Old Chief v. United States*, 519 U.S. 172, 186-87 (1997). But

there is a slight twist here: the Defendant filed a proposed jury instruction stating, "You have heard evidence that the [D]efendant allegedly made the oral statement that he was 'convicted of bank robbery years ago[,] and that "the [G]overnment must introduce independent evidence in order to establish the trustworthiness and reliability of the [D]efendant's statements . . . ." The court had not ruled on the proposed jury instruction at the time Officer Robinson testified. The Government argues that this proposed jury instruction is evidence that the Defendant anticipated that the statement about his prior bank robbery conviction would be admitted, and thus excuses the admission of prior bad acts.

We need not decide whether the filing of the proposed jury instruction lessened or cured the *Old Chief* Rule 404(b) concerns. Assuming that it did not and that the district court erred by admitting the testimony, where "there is 'no objection by the defendant[,] and [when] the properly admitted evidence of the defendant's guilt [is] overwhelming,' a reversal on 404(b) grounds is inappropriate." *See United States v. Cowart*, 90 F.3d 154, 157–58 (6th Cir. 1996) (quoting *United States v. Merriweather,* 78 F.3d 1070, 1075 (6th Cir. 1996)). At trial, Defendant stipulated to his prior conviction for a crime that resulted in punishment exceeding one year. Moreover, Officer Robinson testified that Defendant admitted he owned the .22 caliber handgun which Robinson recovered after patting down Defendant. Accordingly, admitting evidence of Defendant's prior conviction for bank robbery did not "seriously affect the fairness, integrity, or public reputation" of his trial. *See Johnson v. United States*, 520 U.S. 461, 467 (1997) (internal quotation marks omitted).

B.

Second, Defendant argues that the district court violated the Sixth Amendment by making findings about the fact of prior convictions and using these findings to increase Defendant's sentence to the 180-month minimum sentence required under 18 U.S.C. § 924(e).  On *de novo* review, we reject Defendant's argument.  It is well-settled that the Supreme Court excepts "the fact of a prior conviction" from its general rule that a jury must find, and prove beyond a reasonable doubt, sentence-enhancing facts.  *See United States v. Booker*, 543 U.S. 220, 244 (2005);  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000);  *Almendarez-Torres v. United States,* 523 U.S. 224 , 235 (1998).  Our case law is consistent.  *See United States v. Beasley*, 442 F.3d 386, 391 (6th Cir. 2006); *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005), *cert. denied*, 545 U.S. 1163 (2005).

C.

Finally, Defendant contends that the Supreme Court's decision in *District of Columbia v. Heller*, - - - U.S. - - - , 128 S. Ct. 2783  (2008), created a defense for Defendant that was unavailable at the time of trial.  This argument is unavailing.  The *Heller* decision focused on the constitutionality of two District of Columbia statutes involving a total ban on handguns and requirements that firearms be kept nonfunctional.  None of these statutes involve a restriction on a convicted felon possessing firearms.

III.

We affirm.