**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jamie D. REED, Defendant–Appellant.**

No. 02–5221.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2003.

---

Before BATCHELDER, MOORE, and CLAY, Circuit Judges.

*ORDER*

Jamie D. Reed appeals the judgment of conviction and sentence entered upon his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Reed got into a fight with Burl Gillespie and shot Gillespie in the leg. Reed pleaded guilty pursuant to a negotiated plea agreement, and a Presentence Investigation Report (PSI) was prepared. The probation officer preparing the PSI concluded that Reed possessed a firearm in connection with another felony offense, the felonious assault on Burl Gillespie. Accordingly, the probation officer concluded that the base offense level of twenty under USSG § 2K2.1 should be increased four levels for the use or possession of a firearm in connection with another offense, *see* USSG § 2K2.1(b)(5), and reduced three levels for the acceptance of responsibility, *see* USSG § 3E1.1, for a total offense level of twenty-one.

Reed objected to the four-level enhancement on the ground that the probation officer incorrectly applied the four-level enhancement for possession of a firearm in connection with another felony offense because the firearm was possessed while acting in self-defense, not for purposes of a felonious assault. Thereafter, Reed moved the district court to appoint substitute counsel and moved for leave to withdraw his guilty plea. The district court granted Reed substitute counsel but denied Reed leave to withdraw his guilty plea. Counsel at sentencing advised the district court "that there was a technical objection to the Presentencing Report, but that's waived for the record." The district court sen-

tenced Reed to seventy-seven months of imprisonment and three years of supervised release. On appeal, Reed's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Reed has not responded to counsel's motion to withdraw.

The motion to withdraw as counsel is hereby granted as it reflects that counsel has reviewed the entire record and proceedings. Concluding that no grounds for appeal can be sustained, counsel submits the following issues for review: 1) whether the district court erred by enhancing Reed's offense level by four levels under USSG § 2K2.1(b)(5); and 2) whether the district court erred by failing to dismiss the indictment sua sponte based upon pre-indictment delay in violation of Reed's right to a speedy trial.

■ Before proceeding to the issues, the court notes that Reed entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of a guilty plea. *Id.* at 755, 90 S.Ct. 1463. The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

At the plea hearing, the district court carefully reviewed with Reed the provisions of the plea agreement, the rights he was waiving, and the maximum penalty he faced under the applicable statute, including the length of imprisonment and supervised release. After being informed of his rights and potential penalties, Reed expressly acknowledged his guilt. Thus, the record reflects that Reed understood the rights that he was waiving, and that he understood the potential penalties associated with his crime. Therefore, the district court properly accepted Reed's guilty plea.

■ Reed waived his first argument. Reed contends that the district court erred by enhancing his offense level by four levels under USSG § 2K2.1(b)(5). Although Reed objected to the PSI on the basis of the enhancement, at sentencing defense counsel affirmatively asserted, "that there was a technical objection to the Presentencing Report, but that's waived for the record." Waiver is the intentional relinquishment or abandonment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waived issue or argument is not reviewable. *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Koeberlein*, 161 F.3d 946, 948 (6th Cir.1998).

■ Reed's second claim is meritless. Reed claims that the district court erred by failing to dismiss the indictment sua sponte based upon pre-indictment delay in violation of Reed's right to a speedy trial. However, no motion to dismiss the indictment was ever filed. Thus, the issue is forfeited for appeal purposes. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Because Reed failed to assert his right to a speedy trial in the district court, this court reviews the district court's judgment for plain error. *See United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002); *United States v. McGahee*, 257 F.3d 520, 531 (6th Cir.2001). "To establish plain error, a defendant must show (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fair-

ness, integrity, or public reputation of the judicial proceedings." *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir.2001). Inasmuch as no motion to dismiss the indictment was filed in the district court, the record is devoid of evidence to establish prejudice from the pre-indictment delay.

Furthermore, we conclude that the district court properly calculated Reed's sentence. The guideline range for Reed's offense is from 77 months to 96 months based on an offense level of 21 and a criminal history category of six. The district court sentenced Reed to 77 months in prison. Thus, Reed received a sentence at the low end of the guideline range.

Finally, we have reviewed the record and conclude that no other nonfrivolous issue exists. Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.