**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Yuk Rung TSANG, Defendant–
Appellant.**

No. 02–1776.

United States Court of Appeals,
Sixth Circuit.

April 21, 2004.

Jennifer J. Peregord, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Yuk Rung Tsang, Federal Correctional Institute, Beaumont, TX, for Defendant–Appellant.

Before GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Yuk Rung ("Jimmy") Tsang, a federal prisoner proceeding pro se, appeals the district court's judgment upon his conviction for conspiracy to distribute and to possess with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Tsang was charged in a first superseding indictment with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine. The indictment also notified Tsang that he was subject to enhanced punishment by reason of his two prior felony drug convictions. Tsang represented himself at trial, with assistance of standby counsel. The district court ruled that the evidence presented was insufficient to put the issue of conspiracy to distribute cocaine before the jury and so the jury was instructed to first, determine whether Tsang was guilty of a conspiracy to distribute and to possess with intent to distribute heroin beyond a reasonable doubt and, if so, to determine the quantity of heroin proved beyond a reasonable doubt. On March 12, 2002, the jury found Tsang guilty of conspiracy to

distribute more than 100 grams of heroin. The district court sentenced him as a career offender on June 10, 2002, to 360 months in prison and eight years of supervised release.

On appeal, Tsang argues that: (1) his conviction was invalid because (a) the jury was permitted to disagree on what constituted the conspiracy, (b) the conspiracy was stale-dated, and (c) the evidence and verdict resulted in a constructive amendment of the first superseding indictment; and (2) his sentence was invalid because (a) it may not have been imposed for the same crime found by the jury, and (b) his 1979 conviction was too old to support his sentencing as a career offender.

Upon review, we affirm the district court's judgment because neither Tsang's conviction nor his sentence are invalid for any of the reasons he advances.

Initially, Tsang contends that his "basic premise on appeal, the one proposition from which all his claims flow, is that the lower Court never acquired the subject matter [jurisdiction] according to which it entered the conviction and imposed the sentence." That contention is patently meritless. This court reviews *de novo* a district court's determination of subject matter jurisdiction. *Mullis v. United States,* 230 F.3d 215, 217 (6th Cir.2000). The district court undisputedly had subject matter jurisdiction over his indictment under 21 U.S.C. § 846. It is clear that 18 U.S.C. § 3231 gives the federal courts original and exclusive jurisdiction over federal crimes. *See United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992); *see also Prou v. United States,* 199 F.3d 37, 45 (1st Cir.1999).

Tsang continues, however, that ascertaining the district court's subject matter jurisdiction in his case "depends entirely upon a determination of what the jury decided and how the jury went about mak-

ing that decision." Most of his arguments on appeal stem from the fact that he was charged with conspiracy to distribute more than one kilogram of heroin, whereas the jury found him responsible for a conspiracy involving only "more than 100 grams of heroin," i.e., 100–999 grams. He speculates that the jury therefore did not find him guilty of the entire scope of the conspiracy charged, thereby constructively amending the indictment, violating the rule of unanimity, and rendering his 1979 predicate felony drug offense out of time for purposes of career offender sentencing.

■ However, the Supreme Court has recognized that "juries [may] acquit out of compassion or compromise or because of 'their assumption of a power which they had no right to exercise, but which they were disposed through lenity.'" *Standefer v. United States,* 447 U.S. 10, 22, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980) (quoting *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932)). For these reasons, courts do not allow inquiry into jurors' deliberations or the reasons for the verdicts they collectively reach. *See United States v. Powell,* 469 U.S. 57, 68–69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Meyers,* 646 F.2d 1142, 1145 (6th Cir.1981). Moreover, a jury verdict will not be reversed simply because it is inconsistent or because the jury acquitted a defendant of a predicate offense. *United States v. Samuels,* 308 F.3d 662, 669 (6th Cir.2002), *cert. denied,* 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). The jury's act of convicting Tsang for a lesser included offense did not deprive the district court of its subject matter jurisdiction.

■ Tsang argues that his conviction violated his right to due process because the jury's finding that he was responsible for only 100–999 grams of heroin, instead

of more than one kilogram as charged in the indictment, means that the jury may have failed to agree as to exactly which heroin deliveries he conspired in, resulting in a lack of unanimity. This argument fails because Tsang was convicted of a single crime (conspiracy) involving a single substance (heroin). This situation is thus distinguishable from those in which the offense requires proof of a particular number of predicate acts upon which the jury must unanimously agree. *See, e.g., Richardson v. United States,* 526 U.S. 813, 816, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) (continuing criminal enterprise). This court has held,

> A specific unanimity instruction is required only when one of three situations exists: 1) the nature of the evidence is exceptionally complex; 2) there is a variance between indictment and proof at trial; or 3) there is a tangible indication of jury confusion, as when the jury has asked questions of the court.

*United States v. Washington,* 127 F.3d 510, 513 (6th Cir.1997). The court in *Washington* concluded that the defendant was not entitled to a specific unanimity instruction where the government had presented multiple factual scenarios to prove possession with intent to distribute crack cocaine. *Id.* at 513–14.

In the instant case, the jury was given a general unanimity instruction and Tsang indicated that he was satisfied with the instructions eventually agreed upon. The evidence presented at trial included both testimony by coconspirators and taped phone conversations demonstrating the defendant's involvement in the conspiracy to distribute heroin. The evidence was not complex, there was no indication of jury confusion, and the evidence clearly supported the charge of conspiracy to distribute heroin. Therefore, Tsang's unanimity argument is without merit.

Tsang further maintains that the verdict form and the jury's verdict signaled a constructive amendment to the indictment, again violating his due process rights. "A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Smith,* 320 F.3d 647, 656 (6th Cir.), *cert. denied,* 538 U.S. 1023, 123 S.Ct. 1954, 155 L.Ed.2d 868 (2003).

■ There is no error in this case. "To support a conviction for conspiracy, the government was required to prove that there was an agreement to violate the drug laws, and that [Tsang] knew of and voluntarily joined in the conspiracy." *United States v. Price,* 258 F.3d 539, 544 (6th Cir.2001). The facts presented at trial were not materially different from those alleged in the indictment and satisfied the elements required to find a conspiracy to distribute heroin. Tsang essentially complains that he was convicted of a lesser-included offense, based only upon the amount of heroin. However, such a conviction is "perfectly appropriate under Federal Rule of Criminal Procedure 31." *United States v. Solorio,* 337 F.3d 580, 590 (6th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 850, 157 L.Ed.2d 723 *and* —— U.S. ——, 124 S.Ct. 857, 157 L.Ed.2d 730 (2003).

■ Tsang's final complaint about his conviction is that, by finding him guilty of a lesser amount of heroin, the jury was finding him guilty of only a portion of the conspiracy. It follows, according to his argument, that if he was convicted in 2000 for conspiring in 1994 crimes, his prosecution was barred by the five-year statute of

limitations. This argument is wholly without merit; he was not charged with (and convicted of) only a 1994 heroin distribution, but with participating in a heroin conspiracy that ran approximately from 1991 through early 2000. "Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement." *United States v. Sanchez,* 928 F.2d 1450, 1457 (6th Cir. 1991). Moreover, as long as at least one act in furtherance of the conspiracy was committed within the limitations period, the statute of limitations is not violated. *United States v. Lash,* 937 F.2d 1077, 1083 (6th Cir.1991). The testimony of Tsang's coconspirators was sufficient to prove Tsang's continuing participation in the conspiracy well into the limitations period.

In challenging his sentence, Tsang first argues that "no evidence showed that Tsang knew how much heroin would or did eventually change hands" and that "the jury never in truth found that Tsang had conspired to 100 grams or more or for the fact that sentence could therefore be imposed only under 21 U.S.C. § 841(b)(1)(C)." Tsang is incorrect. The jury's verdict form unambiguously found him guilty of 100 grams or more of heroin.

■ In any event, Tsang's sentence was based, not upon drug quantity, but upon his career offender status. In attacking that finding, Tsang argues that his 1979 felony drug conviction was too old to serve as a predicate conviction under USSG § 4B1.1. The guidelines include a 15-year limitation on prior offenses for purposes of determining whether a defendant is a career offender. *See* USSG §§ 4A1.2, 4B1.2, comment. (n.4) (2001). Section 4A1.2(e)(1) provides that the 15-year period is calculated from the end of the defendant's incarceration for the prior offense to the date of commencement of the instant offense. Tsang was released from prison on his 1979 conviction on January 3, 1983, well within the 15-year limit for a conspiracy beginning in 1991. Contrary to Tsang's contention that his conspiracy conviction cannot be characterized as having commenced until 1998, testimony by coconspirators—and in particular his brother Mitch—established that Tsang had arranged for heroin deals from approximately 1993–94 while in prison in Arizona. Tsang was properly sentenced as a career offender.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.