**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0457n.06
Filed: August 1, 2008

**No. 04-4478**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN PURNELL WALKER, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: DAUGHTREY, GILMAN, and ROGERS, Circuit Judges.**

**Rogers, Circuit Judge.** This case is part of a consolidated appeal involving thirteen defendants who were members of the Outlaw Motorcycle Club ("OMC"), an international motorcycle club with chapters across the country and around the world. In 1997, the Federal Bureau of Investigation and state law enforcement agencies began an investigation into the Green region of the OMC, which consists of chapters in Dayton, Ohio; Fort Wayne, Indiana; Louisville, Kentucky; Indianapolis, Indiana; and Oklahoma City, Oklahoma. As a result of the investigation, a grand jury in the Northern District of Ohio returned a 40-count indictment in 2003 charging the defendants with various offenses, including Racketeer Influenced and Corrupt Organizations Act ("RICO"), drug trafficking, and firearms offenses. The defendants were tried before an anonymous jury.

Defendant John P. Walker was president of the OMC chapter in Indianapolis, Indiana. The evidence indicates that he distributed substantial quantities of drugs and took an active role in the management of OMC activities.

On April 8, 2003, Walker and 37 other OMC members were named in a 40-count indictment issued in the Northern District of Ohio. The indictment charged Walker with four offenses: (1) substantive RICO in violation of 18 U.S.C. § 1962(c); (2) RICO conspiracy in violation of 18 U.S.C. § 1962(d); (3) conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; and (4) firearms conspiracy in violation of 18 U.S.C. § 924(o). The jury acquitted him on the firearms conspiracy charge. On all other charges, however, he was convicted.

At the sentencing hearing, the district court determined Walker's offense level to be 36, which provided a Guidelines range of 188-235 months. Based on that range, the district court sentenced Walker to 200 months in prison. After rendering this sentence, the district court alternatively imposed an identical sentence under an advisory Guidelines regime.

On appeal, Walker makes four arguments: (1) that the district court violated his Confrontation Clause rights by admitting post-arrest statements made by codefendants Fowler and Carlisle; (2) that, as to the narcotics conspiracy charge, he was entitled to a jury instruction on the lesser-included offense of possession of cocaine; (3) that his rights were violated by the empaneling of an anonymous jury; and (4) that the district court erroneously sentenced him under a mandatory Guidelines regime. None of these arguments has merit.

There is no merit to Walker's Confrontation Clause argument regarding the admission into evidence of statements by codefendants Fowler and Carlisle. Fowler's statements related to his role in two murders and his involvement in various drug trafficking activities, and Carlisle's statements related to the murder of an individual named Eric Coulter. Walker was neither involved in those incidents nor implicated by the statements. Nevertheless, Walker contends that these statements helped the Government prove the existence of the drug and RICO conspiracies of which he was found to be a part.

At the outset, we question whether the statements that Walker complains of were actually introduced against him at trial. "Ordinarily when, at a joint trial, a codefendant's prior statement, testimonial or otherwise, is introduced only against the declarant-codefendant, and not against the complaining codefendant, the latter has suffered no violation of his Sixth Amendment Confrontation Clause rights." *United States v. Vasilakos*, 508 F.3d 401, 407 (6th Cir. 2007). The Supreme Court has recognized an exception to this general rule where a codefendant's statement facially incriminates the defendant, *see id.*; *Bruton v. United States*, 391 U.S. 123, 135-36 (1968), but the statements that Walker complains of do not facially incriminate or even mention him. Thus, if the statements were not admitted as evidence against Walker, they could not have violated his Confrontation Clause rights. In the end, though, it is difficult to tell whether Fowler's and Carlisle's statements were introduced against Walker because the district court did not give a limiting instruction regarding the statements when they were introduced.

However, even assuming that the statements were introduced as evidence against Walker, and assuming that this was a violation of Walker's rights under the Confrontation Clause, any error on the part of the district court in this regard was harmless. Several witnesses testified to the effect that Walker was involved in the distribution of large quantities of cocaine, and there was also evidence that he took an active role in the OMC criminal enterprise by, for example, monitoring the results of lie-detector tests given to OMC members who were suspected of having become Government agents. Accordingly, there is no reasonable possibility that the admission of Fowler's and Carlisle's statements made a difference to the jury in convicting Walker of the RICO, RICO conspiracy, and narcotics conspiracy offenses. *Cf. United States v. Savoires*, 430 F.3d 376, 382 (6th Cir. 2005).

Also without merit is Walker's claim that, with respect to his narcotics conspiracy offense, he was entitled to a jury instruction on the lesser-included offense of possession of cocaine. This argument has no merit because "simple possession is not a lesser-included offense of conspiracy to distribute and possess with intent to distribute." *United States v. Colon*, 268 F.3d 367, 376 (6th Cir. 2001).

Further, the district court did not violate Walker's rights to due process and an impartial jury by empaneling an anonymous jury. Our reasoning for this conclusion is set out in a companion case, *United States v. Lawson*, __ F.3d __ (6th Cir. 2008), and need not be repeated here.

Finally, although Walker was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), the district court did not err in sentencing him because it appropriately imposed an alternative sentence under an advisory Guidelines regime. *See United States v. Christopher*, 415 F.3d 590, 593-94 (6th Cir. 2005). Thus, there is no merit to Walker's argument that the district court violated his Sixth Amendment rights by enhancing his Guidelines range using judge-found facts and sentencing him under a mandatory Guidelines regime.

Moreover, his argument also fails to the extent that it can be construed as a challenge to the reasonableness of the alternative sentence. The alternative sentence is procedurally and substantively reasonable, and therefore not an abuse of discretion. *See Gall v. United States*, __ U.S. __, 128 S. Ct 586, 597 (2007). While the district court's discussion of the relevant factors from 18 U.S.C. § 3553(a) was sparse, it was sufficient "to allow for reasonable appellate review." *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008) (citing *United States v. Williams*, 436 F.3d 706, 708-09 (6th Cir. 2006)).

For the foregoing reasons, Walker's convictions and sentence are AFFIRMED.