NOT FOR FULL-TEXT PUBLICATION
File Name: 10a0315n.06

**FILED**
**May 24, 2010**
LEONARD GREEN, Clerk

No. 08-3414

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                        ON APPEAL FROM THE

v.                          UNITED STATES DISTRICT
                                      COURT FOR THE NORTHERN

MICHAEL D. BAKER,         DISTRICT OF OHIO

        Defendant-Appellant.

_____/

BEFORE:  SUHRHEINRICH, McKEAGUE, and GRIFFIN, Circuit Judges.

        **SUHRHEINRICH, Circuit Judge.** Defendant Michael D. Baker appeals from the judgment of the district court following his conviction for possession with intent to distribute between 500 grams and 5 kilograms of cocaine and 50 and 100 kilograms of marijuana. On appeal he argues that the district court committed plain error in not instructing the jury about the five-year statute of limitations for conspiracy or about acts occurring more than five years before the indictment. He also contends that the lower court erred by refusing to vary categorically from the Career Criminal Guidelines based on a policy disagreement with those guidelines. We AFFIRM.

**I.**

        On June 6, 2007, Baker was charged in a single-count indictment with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and § 846. The indictment alleged that beginning in the early 1990s and through the date of the indictment, Baker had conspired

to possess with intent to distribute over 15 kilograms of cocaine and over 500 kilograms of marijuana.

Trial was held November 26, 28, and 30, 2007. The Government's witnesses testified that Baker was a member of a drug conspiracy that distributed substantial quantities of cocaine and marijuana in the Fostoria, Ohio area to both indicted and unindicted members of the conspiracy. These included Alejandro Williams, Arnold Escobar, Chad Long, David Scott, Ryan Johnson, Travis Williamson, and Tommy Granillo. These witnesses established that, from approximately 1995 until 2005, Baker received substantial quantities of cocaine and marijuana at his residences in Fostoria and Norwalk, Ohio, which he then distributed through a network of dealers in Northwest Ohio. On November 30, 2007, the jury returned a guilty verdict on the sole count of the indictment, but found Baker guilty of the lesser offense of conspiring to possess with intent to distribute between 500 grams and 5 kilograms of cocaine and 50 and 100 kilograms of marijuana.

Baker's presentence report recommended a total offense level of 35. This included a base offense level of 32, *see* U.S.S.G. § 2D1.1(c)(4), an enhancement under U.S.S.G. § 4B1.1 for being a career offender, and a two-level reduction for acceptance of responsibility. Because of his career offender status, his criminal history category was VI. Based on a total offense level of 35 and a criminal history category of VI, Baker's Guideline range was 292 months to 365 months. The mandatory minimum statutory range was ten years and the maximum statutory term was life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B) and 851(a)(1). On March 24, 2008, the district court sentenced Baker to 144 months' imprisonment followed by eight years of supervised release and a $100 special assessment.

At the sentencing hearing, the district court departed downward, but stated that it felt constrained by the career criminal guideline. The district court stated that it had never seen "a more convincing case for rehabilitation" based on Baker's efforts at rehabilitation after he was arrested in 2005. The Government urged the district court to adopt a middle ground. After considering the 18 U.S.C. § 3553(a) factors in light of the Government's argument, the district court decided not to "vary all the way down to 120 months." The court added that the 144-month sentence was "also a very substantial variance." The court ultimately sentenced Baker to 144 months instead of 120 months.

Baker appeals.

## II.

## A.

Baker argues that the district court committed plain error by failing to instruct the jury about the five-year statute of limitations for conspiracy. Specifically, he contends that because the Government presented evidence of drug transactions occurring both before and after 2002, the jury could have found him guilty based entirely on conduct occurring before 2002, outside the limitations period. He further contends that the jury should have been given an instruction concerning acts pre-dating 2002.

A trial court has broad discretion in drafting jury instructions, and this court will reverse only for abuse of discretion. *United States v. Prince*, 214 F.3d 740, 761 (6th Cir. 2000). Because Baker failed to object to the jury instructions, we review for plain error only. *United States v. Dedhia*, 134 F.3d 802, 808 (6th Cir. 1996). This means that we will reverse only if there is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano,* 507 U.S. 725, 732 (1993). If

-3-

these three factors are met, then we may exercise our discretion to notice a forfeited error if the error (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id. See also Dedhia*, 134 F.3d at 808 (citing *Olano*). *See also United States v. Morrow*, 977 F.2d 222, 226 (6th Cir. 1992) (en banc).

The elements of a drug conspiracy are "(1) an agreement to violate the drug laws, and (2) each conspirator's knowledge of, intent to join, and participation in the conspiracy." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001). "In a § 846 conspiracy, the government must show the willful formation of a conspiracy and the willful membership of the defendant in the conspiracy, but need not prove that defendant committed an overt act in furtherance of the conspiracy." *United States v. Layne*, 192 F.3d 556, 567 (6th Cir. 1999) (citations omitted). *See also United States v. Shabani*, 513 U.S. 10, 17 (1994) ("the plain language of the statute and settled interpretive principles reveal that proof of an overt act is not required to establish a violation of 21 U.S.C. § 846").

The statute of limitations for conspiracy is five years. *See* 18 U.S.C. § 3282 (applying to noncapital offenses); *United States v. Brown*, 332 F.3d 363, 373 (6th Cir. 2003). Baker was indicted on June 6, 2007. Thus, the government was required to prove beyond a reasonable doubt that the conspiracy at issue "was on-going after" June 6, 2002. *See id.; see also United States v. Mayes*, 512 F.2d 637, 642 (6th Cir. 1975) (ruling that "where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated").

"[T]he statute of limitations is satisfied if the government 'alleges and proves that the conspiracy continued into the limitations period.'" *United States v. Hohn*, 293 F. App'x 395, 397 (6th Cir. 2008) (quoting *United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003)). "[A]s long

-4-

as at least one act in furtherance of the conspiracy was committed within the limitations period, the statute of limitations is not violated." *United States v. Tsang*, 96 F. App'x 318, 322 (6th Cir. 2004) (order) (quoting *United States v. Lash*, 937 F.2d 1077, 1081 (6th Cir. 1991)). *See also Grunewald v. United States*, 353 U.S. 391, 397 (1957) (stating that it was "incumbent on the Government to prove that the conspiracy, as contemplated in the agreement as finally formulated, was still in existence [within the limitations period]").

The testimony of Baker's coconspirators was sufficient to prove that Baker's involvement in the drug trafficking conspiracy continued well into the limitations period, i.e., past June 6, 2002. David Scott testified that between 2002 and 2003, he bought approximately one pound of marijuana and one ounce of cocaine from Baker every few weeks. Scott also bought eight ounces of cocaine from Baker on August 14, 2003. Arnold Escobar testified that in addition to selling Baker marijuana and cocaine outside the limitations period in 2001, he sold Baker 150 pounds of marijuana after his release from prison in 2003. He also traveled with Baker in 2005 to Detroit, Michigan, where Baker bought a kilogram of cocaine from one of Escobar's contacts. Ryan Johnson testified that in 2002-03, he drove James Hernandez to Baker's Norwalk, Ohio residence on three separate occasions to buy drugs. In short, there was evidence to show that Baker was involved in the conspiracy alleged in the indictment within the limitations period. Baker offered no evidence demonstrating that he withdrew from the conspiracy before June 6, 2002. Baker does not argue this on appeal anyway.

As proof of error, that is plain, Baker points to the Sixth Circuit pattern jury instruction concerning overt acts and the applicable statute of limitations. *See* Sixth Circuit Pattern Criminal Jury Instructions, Overt Acts, (2007). Even if there was error, *see United States v. Fuchs*, 218 F.3d 957 (9th Cir. 2000) (finding error where the jury was not instructed that it had to find an overt act

in furtherance of conspiracy occurred within the applicable limitations period), that error was not "plain," "clear," or "obvious." *See Olano*, 507 U.S. at 734. First, Baker never raised the issue of a potential statute of limitations problem in the district court. *Cf. Fuchs*, 218 F.3d at 962 (finding plain error where the defendant raised both a pre-trial objection and a challenge at trial claiming that the charges against him were untimely). More importantly, Baker never argued that he withdrew from the conspiracy. *See United States v. Fantroy*, 146 F. App'x 808, 818 (6th Cir. 2006) (holding that there was no plain error where the defendant never raised a statute of limitations issue and never argued that he withdrew from the conspiracy). Indeed, Baker's principal argument was that there were drug sales but no conspiracy, and that the witnesses were not credible. Thus, it would not have been "clear" or "obvious" to the district court to give such an instruction. *See id.* Finally, as noted above, the evidence demonstrated that the conspiracy continued into the limitations period.

Baker's claim that the jury should have been given prior bad acts instruction for conduct occurring pre-dating 2002 also fails. The indictment alleged the relevant dates of the conspiracy as beginning in the early 1990's through the date of the indictment, June 6, 2007. The Government's evidence concerned drug transactions occurring within the relevant time period. Thus, the evidence was not 404(b) testimony, but part of the charged conduct. *See United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982) (per curiam) (stating that "[a]n act is not extrinsic and Rule 404(b) is not implicated, where the evidence of that act and the evidence of the crime charged are inextricably intertwined"). *Cf. United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (explaining that background evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense"; concluding that evidence of an alleged drug

-6-

transaction occurring six years before the date the conspiracy alleged in the indictment began was not proper background evidence). Here, the district court did not commit error, let alone plain error, in admitting evidence of acts occurring outside the limitations period.

Absent plain error, we need not address the third or fourth *Olano* factors. *Cf. Fuchs* 218 F.3d at 963 (finding the district court's plain error in failing to include a jury instruction affected the defendant's substantial rights because it created a genuine possibility that the jury convicted on a legally inadequate ground).

**B.**

Baker argues that the district court did not recognize its authority to vary from the Sentencing Guidelines pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007). Specifically, Baker claims that the district felt constrained from departing from the career criminal guideline, U.S.S.G. § 4B1.1.

This Court reviews a district court's sentencing determination for reasonableness, using an abuse-of-discretion standard. *United States v. Alexander*, 543 F.3d 819, 821 (6th Cir. 2008) (citing *Gall v. United States*, 562 U.S. 38, 50 (2007)), *cert. denied*, 129 S. Ct. 2175 (2009). This reasonableness inquiry involves both procedural and substantive components. *Id.* at 821-22 (citing *Gall*, 552 U.S. at 51). Policy-based disagreements with the Guidelines are properly construed as procedural challenges. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 579-80, 583 n.8 (6th Cir. 2009).

The 144-month sentence imposed was twenty-four months above the statutory minimum but well below the advisory guidelines minimum of 292 months to 365 months. Thus, the essence of

-7-

Baker's claim is that the district court should have sentenced him below the statutory minimum of 120 months.

This court recently held in *Herrara-Zuniga* that the rule in *Kimbrough* and *Spears v. United States*, 129 S. Ct. 840 (2009), allowing district courts to vary from an otherwise-applicable guideline based on a policy disagreement, is not limited to the crack cocaine guidelines. *Herrara-Zuniga*, 571 F.3d at 584-85. Notwithstanding, a court may not depart below the *statutory* minimum unless the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f). *Melendez v. United States*, 518 U.S. 120, 125-26 (1996); *see also United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007). These are the exclusive means by which a court may depart below the statutory minimum. *McIntosh*, 484 F.3d at 835; *United States v. Stewart*, 306 F.3d 295, 331 n. 21 (6th Cir. 2002).

Here, the district court lacked authority to depart because the exceptions recognized at 18 U.S.C. § 3553(e) (providing that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense") and (f) (stating that the district court can only depart below any statutory minimum sentence if "the defendant does not have more than 1 criminal history point"), do not apply in Baker's case. *See United States v. Branch*, 537 F.3d 582, 594-95 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2009); *United States v. Franklin*, 499 F.3d 578, 585-86 (6th Cir. 2007); *United States v. Burke*, 237 F.3d 741, 744 (6th Cir. 2001). Contrary to Baker's assertion, *United States v. Booker*, 543 U.S. 220 (2005) (making guidelines advisory), and *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that district courts may deviate from sentences under the advisory Guidelines based

on policy disagreements),[1] do not affect mandatory statutory minimum sentences. *See Branch*, 537 F.3d at 592-93 (stating that "[a]mong the statutory provisions left intact after *Booker* were statutory minimum sentences); *United States v. Gonzalez*, 257 F. App'x 932, 947 (6th Cir. 2007) (stating that "where a defendant is sentenced to a statutory mandatory minimum sentence, *Booker* is not implicated"); *United States v. Patterson*, 145 F. App'x 988, 991 (6th Cir. 2005) ("*Booker* did not strike down the statutory safety valve, 18 U.S.C. § 3553(f).").

Furthermore, "substantively, a sentence that falls within a correctly calculated guideline range is entitled to a rebuttable presumption of reasonableness." *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007) (internal quotation marks and citation omitted). It follows that where a district court varies below a presumptively reasonable guidelines sentence, a defendant's burden to show that the more lenient sentence is unreasonable is "even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. ) (order), *cert. denied*, 129 S. Ct. 655 (2008).

It simply cannot be said that a 144-month sentence was unreasonable in light of Baker's advisory guidelines range. Further, it is clear that the district court not only clearly understood its ability to depart downward, it understood the limits of that right. In short, the sentence imposed was both substantively and procedurally reasonable.

### III.

The judgment of the district court is AFFIRMED.

---

[1] *See also Spears v. United States*, 129 S. Ct. 840, 843-44 (2009) (per curiam) (clarifying that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines").